UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KIM PADDOCK,<br><br>    Plaintiff,<br><br>vs.<br><br>C.L. "BUTCH" OTTER, LAWRENCE WASDEN, GEM COUNTY SHERIFFS, GEM COUNTY COMMISSIONERS, and PARKE GORDON LAW,<br><br>    Defendants. | Case No.: 1:16-CV-00222-EJL-REB<br><br>**REPORT AND RECOMMENDATION** |

Now pending before the Court is Defendant Parke Gordon, LLC's ("Parke Gordon") Motion to Dismiss Pursuant to 12(b)(6) (Dkt. 3), Defendants C.L. "Butch" Otter and Lawrence Wasden's ("State Defendants") Motion to Dismiss (Dkt. 13), and Gem County Defendants' ("Gem County Defendants") Motion for Judgment on the Pleadings (Dkt. 17). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation:

## REPORT

### I. Background

Plaintiff Kim Paddock filed this pro se civil rights complaint on June 3, 2016. Compl., Dkt. 1. In the complaint, Plaintiff alleges the following: On May 31, 2014, Plaintiff was riding her motorcycle with friends down Labor Camp Road in Gem County, Idaho. Compl., ¶ 13. One of the other motorcyclists, Michael VanAntwerp, saw a dog bolt into the street so quickly that Plaintiff did not have time to respond, which resulted in her hitting the dog and crashing her

**REPORT AND RECOMMENDATION- 1**

motorcycle. *Id*. Plaintiff sustained numerous injuries and the dog died at the scene. *Id*. A young man emerged from the home near the scene of the accident (later identified as the Palacio home) and stated the accident was Plaintiff's fault because she was riding "too fast" and the dogs had "range rights." *Id*. at ¶ 14. He stated that he allowed, and encouraged, the dogs to chase vehicles. *Id*. Gilbert Palacio then came on the scene, admitted the dogs were his but stated that he was not responsible for the accident. *Id*. at ¶ 16.

An off-duty officer arrived on the scene, then officers from Gem County Sheriff's Office, and an ambulance to take Plaintiff to the hospital. *Id*. at ¶ 17. While the Gem County officers were on the scene, dogs from the Palacio property continued to run around the property and into the road without collars or tags. *Id*. at ¶ 18. The Gem County Sheriff's Office did not write any warnings to Palacio concerning these dogs. *Id*.

Plaintiff called the Gem County Sheriff's Office after her accident to file a complaint against Palacio for his dogs running into the road and being without collars or tags. *Id*. at ¶ 21. Paddock was informed by the woman who answered the phone at Gem County Sheriff's Office that "these sheriffs didn't write or issue complaints to citizens who lived in the county concerning their dogs violating Idaho law." *Id*.

As a result of the accident, Plaintiff was in an induced coma for eleven days, had reconstructive surgery on her face, a titanium rod inserted in her right forearm, and suffers paralysis in her face and upper jaw among other injuries and pain and suffering. *Id*. at ¶ 22.

In 2014, Plaintiff filed a lawsuit in state court for damages against Palacio. *Id*. at ¶ 22. On the day of trial, Plaintiff found out from her attorney, Jane Gordon of Gordon Parke, LLC, that the young man who made the "incriminating statements in the driveway about the dogs" was not going to be in court. *Id*. ¶ 23. Plaintiff ultimately lost her case because her counsel "failed to

**REPORT AND RECOMMENDATION- 2**

call vital witnesses to the stand" and "failed to investigate whether any reports were filed with Gem County Sheriff's Officer prior to trial." *Id.* at ¶ 24.

Plaintiff also alleges that "Gem County Sheriffs" (*sic*) refuse to issue mandatory warnings to dog owners about "dogs running at large" in violation of Idaho Code § 25-2805,[1] including when they arrived at the scene following Plaintiff's accident and the remaining dogs were "still running loose on the Palacio's property and in the road." *Id.* at ¶¶ 24-25.

Plaintiff claims that her Fourteenth Amendment right to due process of law has been violated because of the "confusing nature of Idaho dog laws and statutes, the refusal of Gem County Sheriff to follow Idaho law and statutes and issue warnings to dog owners, by Gem County Commissioners who ignored Idaho laws, . . . and by Plaintiff's attorney, Jane Gordon who so egregiously destroyed Plaintiff's case in courts as to violate Plaintiff's due process." *Id.* at ¶ 27. Plaintiff also references that her rights to equal protection have been violated as well as her Sixth Amendment right to effective assistance of counsel. *Id.* at ¶¶ 24, 30.

---

[1] I.C. § 25-2805 is the "Dog Running at Large" statute which provides:

> Any person, who, after complaint has been made by any person to the sheriff, who shall serve a copy of said notice upon such person complained of, willfully or negligently permits any dog owned or possessed or harbored by him to be, or run, at large without a competent and responsible attendant or master, within the limits of any city, town, or village or in the vicinity of any farm, pasture, ranch, dwelling house, or cultivated lands of another, or who willfully or negligently fails, neglects or refuses to keep any such dog securely confined within the limits of his own premises when not under the immediate care and control of a competent and responsible attendant or master, shall be guilty of an infraction punishable as provided in section 18-113A, Idaho Code.

Plaintiff refers to this and other statutes regarding dogs collectively as "Idaho dog laws."

**REPORT AND RECOMMENDATION- 3**

## II.  Defendants' Motions to Dismiss and for Judgment on the Pleadings

**A.**     *Standard*

Motions to dismiss pursuant to Rule 12(b) and motion for judgment on the pleadings pursuant to Rule 12(c) are "functionally identical, [and] the same standard of review applicable to Rule 12(b) motions applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  A motion pursuant to Rule 12(b) or Rule 12(c) challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  The relevant inquiry under either Rule 12(b)(6) or Rule 12(c) is whether the plaintiff's allegations are sufficient under Fed. R. Civ. P. 8(a).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as a true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausability standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's

**REPORT AND RECOMMENDATION- 4**

liability, it "stops short of the line between possibility and probability of entitlement to relief." *Id*. at 557 (internal quotations omitted).

Later, in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court identified two "working principles" that underlie *Twombly*. First, the court need not accept the truth of legal conclusions that are couched as factual allegations. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Parke Gordon moves to dismiss Plaintiff's complaint on the grounds that Plaintiff cannot state a claim for relief for ineffective assistance of counsel. Dkt. 3-1 at 2. The State Defendants move to dismiss Plaintiff's complaint because Plaintiff has failed to state a claim against either Otter or Wasden. Dkt. 13-1. The Gem County Defendants move for judgment on the pleadings because Plaintiff has failed to state a claim against any one of them. Dkt. 17-1.

**B.**     ***Plaintiff Cannot Raise a Sixth Amendment Claim on this Record***

Plaintiff alleges that Parke Gordon violated her Sixth Amendment right to effective assistance in her civil case for damages against the dog owner, Palacio. Compl., ¶ 22. She misapprehends the nature of a Sixth Amendment claim for ineffective assistance of counsel.

Generally, a plaintiff in a civil case has no right to effective assistance of counsel. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985); *see also Buchanan v. Pulliam*, 17 Fed.Appx. 663 (9th Cir. 2001) (holding that "plaintiffs in civil cases generally have no right to

**REPORT AND RECOMMENDATION- 5**

effective assistance of counsel).  "This rule is based on the presumption that, unless the indigent litigant may lose his physical liberty if he loses the litigation, there is generally no right to counsel in a civil case."  *Nicholson*, 767 F.2d at 1427.

Plaintiff was not entitled to counsel in her state court civil action for damages.  She, therefore, had no right to effective assistance of counsel under the Sixth Amendment.  Her claim, if any she has, sounds in common law negligence, not in the Constitution.  The Court recommends that this claim be dismissed with prejudice.

**C.**   ***Plaintiff Has Not Stated an Equal Protection Claim***

Plaintiff alleges both that the "Idaho dog laws" are unclear and that Gem County ignored such laws, resulting in her equal protection rights being violated.  Compl., ¶ 30.  In her response memorandum, Plaintiff argues "there are some counties [within Idaho] which enforce Idaho Dog statutes and some, like Gem County, which refuse to do so. . . How can equal protection be afforded to ALL of Idaho's citizens under these circumstances?"  Dkt. 33, p. 5.

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985 (quoting U.S. Const., amend. XIV, § 1).  In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against her based upon membership in a protected class, or that defendants purposefully treated her differently than similarly situated individuals without any rational basis for the disparate treatment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

**REPORT AND RECOMMENDATION- 6**

Plaintiff does not allege that she is a member of a protected class.  To establish an equal protection "class-of-one" claim, a plaintiff must allege that she was *intentionally* treated *differently* from others similarly situated.  Plaintiff makes no allegation that she was treated differently from any other similarly situated individual.  Plaintiff's argument is that Gem County dog owners who violated the Idaho dog laws were treated differently than dog owners who violated Idaho dog laws in other counties.  Plaintiff's allegations do not trigger the Equal Protection Clause.  Plaintiff does not allege that *she* was treated differently.  While there may be cases where police non-action may implicate the Equal Protection Clause, this is not such a case.  For example, states "may not, of course, selectively deny...protective services to certain disfavored minorities without violating the Equal Protection Clause."  *See DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 197 n.3 (1989) (citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)).  In *Elliot-Park v. Manglona*, 592 F.3d 1003 (9th Cir. 2010), the court held that a failure by Micronesian police officers to investigate and arrest a Micronesian drunk driver involved in an accident with Korean victim due to race-based reasons stated an equal protection claim.  *Id*. at 1006-07.  But, these are not the types of allegations asserted by Plaintiff.  There are no allegations that Defendants' actions or inactions were motivated by an impermissible discriminatory purpose.

In addition, an individual may not pursue a class-of-one equal protection claim based on official acts that are inherently discretionary.  When state action involves "discretionary decisionmaking based on a vast array of subjective, individualized assessments," there is no equal protection violation "when one person is treated differently from others, because treating like individuals differently is an accepted consequent of the discretion granted."  *Enquist v.*

**REPORT AND RECOMMENDATION- 7**

*Oregon Dep't of Agriculture*, 553 U.S. 591, 601-02 (2008).  Discretionary decisions by a sheriff and prosecutor during the investigation and prosecution of criminal charges cannot be the basis for class-of-one equal protection claim.  *Donahue v. Arpaio*, 869 F.Supp.2d 1020, 1074 (D. Ariz. 2012).   The "existence of discretion, standing alone, cannot be an Equal Protection violation.  At the very least, there must be some respect in which the discretion is being exercised so that the complaining individual is being treated less favorably than others generally are."  *Towery v. Brewer*, 672 F.3d 650, 660-61 (9th Cir. 2012).

Here, Plaintiff's equal protection claim stems from allegations that the Gem County Defendants failed to issue citations regarding dogs at large in Gem County.  Because such decisions are discretionary ones, no class-of-one equal protection claim can be stated.  "Absent any pattern of generally exercising the discretion in a particular manner while treating one individual differently *and* detrimentally," Plaintiff cannot state a class-of-one claim.  *See id.* at 661 (emphasis in original).  The Court recommends that Plaintiff's equal protection claim be dismissed.

D.  *Plaintiff has Failed to State a Due Process Claim*

In her complaint, Plaintiff alleges she was denied due process when Gem County Sheriffs "refused to issue . . . mandatory warnings to dog owners" and that due process was violated "due to the confusing nature of Idaho dog laws and statutes, the refusal of Gem County Sheriff to follow Idaho law and statutes and issue warnings to dog owners, [and] by Gem County Commissioners who ignored Idaho laws . . ."  Compl., ¶¶ 24, 37.

"The Due Process Clause of the Fourteenth Amendment provides that '[n]o State . . . shall deprive any person of life, liberty or property, without due process of law.'"  *DeShaney v.*

**REPORT AND RECOMMENDATION- 8**

*Winnebago County Dept. of Social Services*, 489 U.S. 189, 194 (1989).  However, nothing in the language of the Due Process Clause "requires the State to protect the life, liberty or property of its citizens against invasion by private actors." *Id*. at 195.  A plaintiff does not have a constitutional right to have the police investigate his complaints against other parties.  *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 464-65 (1979) (per curiam) (noting that the Constitution "does not impose any affirmative obligation on the government to listen [or] to respond" to grievances).

In *Town of Castle Rock v. Gonzales*, the Supreme Court considered whether a person has a constitutionally protected property interest in having the police enforce a restraining order when they have probable cause to believe the order was violated.  545 U.S. 748, 750-51 (2005).  In *Castle Rock*, a woman's daughters were killed by her ex-husband after he kidnaped them and the police failed to enforce a restraining order against him.  *Id*. at 751-54.  The Supreme Court acknowledged the state law roots of the underlying substantive issue, but said that federal law determines whether that interest is a legitimate claim of entitlement protected by due process.  *Id*. at 757.  It considered whether the statute at issue made enforcement of orders mandatory and then said "[e]ven if the statute could be said to have made enforcement of restraining orders 'mandatory' . . . that would not necessarily mean that state law gave [plaintiff] an entitlement to *enforcement* of the mandate.  Making the actions of government employees obligatory can serve various legitimate ends other than the conferral of a benefit."  *Id*. at 764-65 (emphasis in original).

**REPORT AND RECOMMENDATION- 9**

Plaintiff fails to state a cognizable claim under § 1983 for a deprivation of her rights under the Fourteenth Amendment. She does not have a constitutional right to the issuance of a citation or warning to another person. *See, e.g., Butler v. Forest Grove Police Department*, 2017 WL 57129 (D. Or. Jan. 4, 2017). The fact that a third party may benefit, whether incidentally or otherwise, from having someone else arrested for a crime "generally does not trigger protections under the Due Process clause, neither in its procedural nor its 'substantive' manifestations." *Castle Rock*, 545 U.S. at 768.

In *Butler v. Forest Grove Police Department*, the plaintiff alleged that law enforcement defendants violated her rights by failing to arrest the persons who allegedly assaulted, stalked, harassed, and stole from her. 2017 WL 57129, *3. That court found the plaintiff did not state a claim under § 1983 because she did not "have a constitutional right to, or, in fact, any judicially cognizable or enforceable interest in, the criminal prosecution or non-prosecution of another person " 2017 WL 57129, *3  (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981)).

Finally, and directly analogous to the facts before the Court here, in *Williby v. City of Oakland*, the plaintiff complained that the City of Oakland did not follow through on its investigation of a vicious dog attack. 2008 WL 686014 (N.D. Cal. March 13, 2008). That court found that the plaintiff did not have a due process claim "[e]ven if he was denied police services" because "an entitlement to the enforcement of the laws . . . does not necessarily constitute a property or liberty interest." *Id*. at *5.

Plaintiff has no legally cognizable property or liberty interest that results from enforcement of the Idaho dog laws. Even when enforcement of state law is mandatory, that does not necessarily mean that state law affords a plaintiff "*entitlement* to that enforcement." *Castle*

**REPORT AND RECOMMENDATION- 10**

*Rock*, 545 U.S. at 765 (emphasis in original) (discussing "well established tradition of police discretion [which] has long coexisted with apparently mandatory arrest statutes"). The consequences of the police's failure to enforce a restraining order in *Castle Rock* were dire, yet the Supreme Court ruled that any benefit to plaintiff of the restraining order was too indirect and incidental to constitute a property interest under the Due Process Clause.

Accordingly, Plaintiff has no protected interest in Defendants' enforcement of the Idaho dog laws for purposes of the Due Process Clause. Plaintiff's dissatisfaction with Defendants' actions (or inactions) does not make a constitutional claim.[2]

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that

1. Defendant Parke Gordon LLC's Motion to Dismiss Pursuant to 12(b)(6) (Dkt. 3) be GRANTED;

2. Defendants C.L. "Butch" Otter and Lawrence Wasden's Motion to Dismiss (Dkt. 13) be GRANTED; and

3. The Gem County Defendants' Motion for Judgment on the Pleadings (Dkt. 17) be GRANTED.

Pursuant to Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty

---

[2] To the extent Plaintiff is invoking the Due Process Clause regarding her property interest in her motorcycle as well as physical injuries she sustained, these losses were entirely due to an accident that she alleges resulted from Plaintiff's run in with a privately owned dog, before any government officials were even involved in the matter. Plaintiff has made no showing that any governmental actors had any role in the alleged deprivation of any property interest in this regard.

**REPORT AND RECOMMENDATION- 11**

pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED: **February 17, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION- 12**