UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM PADDOCK,<br><br>                 Plaintiff,<br><br>v.<br><br>C.L. "BUTCH" OTTER, LAWRENCE WASDEN, GEM COUNTY COMMISSIONERS, and PARKE GORDON LAW,<br><br>                 Defendant. | Case No. 1:16-cv-00222-EJL-REB<br><br>**ORDER** |

The United States Magistrate Judge issued a Report and Recommendation in this matter. (Dkt. 37.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties and the time for doing so has passed.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review.

The Ninth Circuit interprets the requirements of 28 U.S.C. 636(b)(1)(C) as follows:

**ORDER - 1**

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. . . . "[T]o the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz v. United States*, 501 U.S. 923, 939 (2000) (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See United States v. Ciapponi*, 77 F.3d 1247, 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (2003) (emphasis in original).

Furthermore, to the extent no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, no objections were filed. Thus, the Court is not required to conduct a *de novo* determination of the Report and Recommendation. The Court has, however, reviewed the Report and Recommendation and the docket in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation is well-founded in the law, based on the facts of this particular case, and this Court is in agreement with the same.

ORDER - 2

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 37) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED**:

1. Defendant Parke Gordon LLC's Motion to Dismiss Pursuant to 12(b)(6) (Dkt. 3) is GRANTED;

2. Defendant C.L. "Butch" Otter and Lawrence Wasden's Motion to Dismiss (Dkt. 13) is GRANTED;

3. The Gem County Defendants' Motion for Judgment on the Pleadings (Dkt. 17) is GRANTED; and

4. Plaintiff's Complaint (Dkt. 1) is dismissed in its entirety.

DATED: September 12, 2017

Edward J. Lodge
United States District Judge